IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-57-FL-1
No. 7:16-CV-50-FL

| | |
|---|---|
| THOMAS RADFORD STEVENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended (DE 80, 82), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 91). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

## BACKGROUND

On May 28, 2003, petitioner was charged in a single-count indictment with bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and 2. At his arraignment, held on October 21, 2003, petitioner pleaded not guilty to the indictment. Following a two-day trial, the jury returned a verdict of guilty. On February 17, 2004, the court sentenced petitioner to 240 months' imprisonment. Petitioner appealed, but the Fourth Circuit Court of Appeals affirmed the court's

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

judgment. See United States v. Stevens, 158 F. App'x 407 (4th Cir. 2005).

On March 21, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that in light of Johnson, he no longer qualifies as a career offender under U.S.S.G. § 4B1.1. On May 18, 2016, the government moved to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief may be granted.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

In Johnson, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a "violent felony" for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in Johnson held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court later decided Welch v. United States, 136 S. Ct. 1257, 1268 (2016), which held that Johnson applies

retroactively to cases on collateral review.

The Supreme Court recently issued its decision in Beckles v. United States, 137 S. Ct. 886, 890 (2017), which held that "the advisory [United States Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause." In this case, petitioner was sentenced on February 17, 2004, when the United States Sentencing Guidelines were mandatory rather than advisory. The issue petitioner presents in his supplemental memorandum is whether Beckles necessarily prohibits a Due Process vagueness challenge to petitioner's pre-Booker sentence. See id. at 903 n.4 (Sotomayor, J., concurring).

This court need not address the pre-Booker issue at this time because, even if Johnson could strike the residual clause contained in U.S.S.G. § 4B1.2, petitioner still has at least two career offender predicates. In fact, petitioner has several federal controlled substance offenses. See PSR ¶ 17. Petitioner also has numerous federal bank robbery offenses. See PSR ¶¶ 19-26. The Fourth Circuit Court of Appeals has held that bank robbery under 18 U.S.C. § 2113(a) constitutes a crime of violence under the force clause, 18 U.S.C. § 924(c)(3). See United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016). Accordingly, even after Johnson, petitioner has two career offender predicates. While petitioner was not sentenced under the ACCA, see PSR ¶ 63, the Fourth Circuit's holding in McNeal arguably makes his convictions for federal bank robbery crimes of violence under the force clause for purposes of the career offender enhancement. See United States v. Carthorne, 726 F.3d 503, 511 n.6 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines 'interchangeably with precedents evaluating whether that offense constitutes a "violent felony"' under the [ACCA], 18 U.S.C. § 924(e)(2)(B), as the two terms are defined in a substantively identical manner." (quoting United States v. King,

3

673 F.3d 274, 279 n.3 (4th Cir. 2012) (citation omitted))).

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 80, 82) and GRANTS the government's motion to dismiss (DE 91). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of June, 2017.

LOUISE W. FLANAGAN
United States District Judge